## McMURTRAY v. HAMILTON et al.

No. 24790.   May 26, 1936.

Rehearing Denied June 23, 1936.

R. E. Bowling, for plaintiff in error.

Mac Q. Williamson, for defendants in error.

PHELPS, J. The plaintiff and defendants purchased certain notes from the payee thereof, at a substantial discount. The notes and mortgage securing them, covering 120 acres of land, were signed by four people by the name of Brantley. The plaintiff and defendants bought the notes for the purpose of making a profit thereon, by selling them to plaintiff's client in California. This deal was consummated and all of the parties shared equally in the profit from the sale of the notes. The client in California required the plaintiff and defendants to indorse the notes before she would buy them.

Subsequently these notes and mortgage were canceled and released, for reasons having no bearing on the question at issue here, and two new notes, and a mortgage securing them, were executed by the original makers, the Brantleys, and the plaintiff and defendants indorsed these two notes, as they had indorsed the originals. These latter notes, however, were made payable

to the plaintiff individually, and not as agent for the client in California, though it is not denied that he was in fact her agent. Some four years after the maturity of the notes, the makers having failed in payment thereof, plaintiff paid the amount due thereon, to the client in California. This was in the year 1926. In 1930 he filed the present action against the other two indorsers, wherein he sought recovery from them for two-thirds of the loss from the venture. Much evidence was taken at the trial, and the trial judge, without a jury, rendered judgment for the defendants, and plaintiff appeals.

It was stated by plaintiff in the trial court, and in his brief in this court, that he sought recovery on the theory of joint adventure.

We have read the record. There is abundant evidence to the effect that when the defendants indorsed the notes their participation in the venture ended. Of course this would not relieve them of liability as indorsers under the Negotiable Instruments Law (St. 1931, sec. 11293 et seq.) and we consider that question later. For the present, however, we deal with the question in respect to its relation to the principles of joint adventure. These indorsements were made, and the profit taken, in the year 1921 or thereabouts. During the remaining eight or nine years before suit was filed, if there was any co-operation or joint activity of the so-called joint adventurers, the record does not reveal it. The dual or possibly triple status of the plaintiff during that time is significant; he was agent for the California client of his, when he became a joint adventurer for his own profit, on this end of the line. Later, then, when the notes were made (and he wrote them), said notes were not made payable to the client in California, but simply to him personally. Even before he had paid the California client the amount due on the notes, the land itself was conveyed to him by the Brantley's, by deed, they testified, in full settlement and satisfaction of the debt. It does not appear that this deed was recorded. From 1924 until 1930, during which time he was owner of the land according to the evidence of the defendants, he exercised complete control over the land, as an owner usually does, and had no contact, communication, or conference with the defendants concerning its management. Without relating all of the evidence in this respect, we think it sufficient to say that if the judgment was based upon the trial court's belief that the

joint adventure, as such, ended when the profit from the notes was realized, the finding was clearly supported by the evidence.

The plaintiff testified that he paid the client in California the balance due on the notes, and therefore became owner of the notes and the mortgage. Several witnesses testified that the Brantleys conveyed the land to the plaintiff, by deed. Plaintiff's own subsequent conduct lends credence to that evidence. The fact, too, that he did not join the makers of the notes, as party defendants, lends further credence to that theory. If the Brantleys conveyed the land to plaintiff in payment and satisfaction of the notes, then the contract was discharged, and, there being no primary liability, the defendant indorsers became discharged. Sec-11419, O. S. 1931. It appears, then, that under either theory the defendants should have prevailed. The judgment is affirmed.

RILEY, WELCH, CORN, and GIBSON, JJ., concur.